FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL RODRIGUEZ-SANTOS,<br><br>Defendant. | No. 1:18-cr-02042-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** |

On May 7, 2019, the second day of trial in this matter, Defendant Daniel Rodriguez-Santos moved orally for judgment of acquittal, arguing insufficient evidence exists to find him guilty of either counts one or two of the Indictment—possessing methamphetamine with intent to distribute and possessing a firearm in furtherance of a drug trafficking crime. The Court orally denied the motion. This Order memorializes and supplements the Court's oral ruling.

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Evidence is sufficient to sustain a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL **-** 1

could . . . f[i]nd the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

This standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (quoting *Jackson*, 443 U.S. at 319). But "[s]peculation and conjecture cannot take the place of reasonable inferences and evidence." *Maquiz v. Hedgpeth*, 907 F.3d 1212, 1217 (9th Cir. 2018) (alteration in original) (quoting *Juan H. v. Allen*, 408 F.3d 1262, 1279 (9th Cir. 2005)). "It is not [the Court's] function to []weigh the evidence and pass on the credibility of the witnesses." *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc) (quoting *United States v. Cluchette*, 465 F.2d 749, 754 (9th Cir. 1972)).

The essential elements of count one are (1) knowingly possessing methamphetamine and (2) possessing it with intent to distribute it to another person. ECF No. 118 at 16; 21 U.S.C. § 841(a)(1). The essential elements of count two are (1) committing the drug trafficking crime alleged in count one, (2) knowingly possessing the firearm involved in this case, and (3) possessing that firearm in furtherance of that drug trafficking crime. ECF No. 118 at 17; 18 U.S.C. § 924(c). Viewing the evidence in the light most favorable to the Government, a rational jury could find each of these elements beyond a reasonable doubt.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's oral motion for judgment of acquittal, **ECF No. 117**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of May 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL **-** 3