KEN THERRIEN
Attorney at Law
413 NORTH SECOND STREET
Yakima, WA 98901
(509) 457-5991
kentherrien@msn.com

Attorney for Defendant:
**DANIEL RODRIGUEZ-SANTOS**

EASTERN DISTRICT OF WASHINGTON
IN THE UNITED STATES DISTRICT COURT
(Honorable Salvador Mendoza Jr.)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 18-CR-2042-SMJ |
| Plaintiff, | ) | |
| | ) | CORRECTION TO PSIR AND |
| DANIEL RODRIGUEZ-SANTOS | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

TO:     JOSEPH H. HARRINGTON, United States Attorney
AND TO:   BENJAMIN D. SEAL, Assistant United States Attorney
AND TO:   SANJUANITA B. CORONADO, United States Probation Officer

Daniel Rodriguez-Santos, by and through his attorney of record, Ken Therrien hereby submits this sentencing memorandum in preparation for his sentencing hearing scheduled for August 6, 2019 at 9:45 a.m. in Yakima, Washington. At the time of his sentencing Daniel Rodriguez-Santos will request

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 1

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

that he be allowed to serve the sentence imposed by this Court at the Federal Correctional Facility located in Sheridan, Oregon.

## Correction to PSIR:

Paragraph 70, page 12: Valeria Rodriguez Ramos is Dahlia Ramos Osrio.

## I. Base Offense Level & Enhancements

Mr. Rodriguez-Santos without waiving any arguments he may have on appeal knowledges that the guideline calculations set forth at paragraphs 91 and 92, page 15 of the PSIR are consistent with the United States Sentencing Guide Lines.

## II. Departures

Mr. Rodriguez-Santos makes this request for a Downward Departure of 2 offense levels pursuant to U.S.S.G. § 3B1.2(b).

## II. 18 U.S.C. 3553(a)

18 § USC 3553 sets out factors to be considered by the Court when determining what sentence would be "sufficient but not greater than necessary," to comply with the purposes of the statute. While no one factor is necessarily more determinative than the other, 18 § USC 3553 provides a sequential list of factors to assist the sentencing Court in its analysis.

The District Court may not presume that the guideline range is reasonable, nor should the guideline factors be given any more or less weight than any other. **United States v. Carty**, 520 F.3d 984, 991 (9th Cir. 2008) en banc, citing **Rita**[1],

---

[1] Rita v. United States, 127 S.Ct. 2456 (2007)

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 2

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

**Gall**[2], and **Kimbrough**[3]. The guidelines are but one factor to be taken into account in arriving at an appropriate sentence. **Id**.

**Nature of the Offense**

Mr. Rodriguez-Santos takes no position regarding the Offense Conduct as set forth in pages 4-7 in the PSIR. Mr. Rodriguez has previously filed Motions to Suppress the search of his residence and his statement at the time of his arrest and has testified at trial regarding what had happened during the material time periods in question.

**The History and Characteristics of the Defendant**

Mr. Rodriguez-Santos is 38 years old. Mr. Rodriguez-Santos is the eighth of nine siblings. Mr. Rodriguez-Santos father was an alcoholic and grew up watching his father physically abuse the children and his wife. At the age of 14, there was an incident where Mr. Rodriguez-Santos' father was hitting Mr. Rodriguez-Santos' mother, and Mr. Rodriguez-Santos intervened and made his father leave. Mr. Rodriguez-Santos and his family struggled financially; Mr. Rodriguez-Santos mother would wash laundry for income.

Mr. Rodriguez-Santos then traveled to the United States. Mr. Rodriguez-Santos lived in Illinois, California, and North Carolina, he then moved to Auburn, Washington until 2004. After living in Auburn, Washington, Mr. Rodriguez-Santos moved to Yakima, Washington to live in a sober house.

Mr. Rodriguez-Santos was in a relationship with Dahlia Ramos Osrio while he was living in North Carolina. Together, they had a daughter. When their

---

[2] Gall v. United States, 127 S.Ct. 2833 (2007)
[3] Kimbrough v. United States, 128 S.Ct. 558 (2007)

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 3

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

daughter was 6 years of age, she and Ms. Ramos Osrio were traveling to Washington State, somewhere between North Carolina and Virginia, there was an accident where six people died, including Mr. Rodriguez-Santos' daughter and Ms. Ramos Osrio.

Mr. Rodriguez-Santos has a five (5) year old son from a relationship with Lucia Valdez-Lopez. His son lives with his mother in Yakima. Prior to the time of his arrest he had developed an addiction to methamphetamine and participated in the criminal activity to support his addiction.

**Promote Respect for the Law, Adequate Deterrence and Protection of the Public:**

Mr. Rodriguez respectfully submits that the minimum sentence the Court could impose would be justified in his case satisfy this sentencing factor.

**Prior Contact with the Criminal Justice System**

This is Mr. Rodriguez-Santos first substantive contact with the criminal justice system. Upon completion of his sentence he will be deported. Sentencing Courts have recognized that an offender, facing similar circumstances and offense conduct, who has never been in contact with the criminal justice before, should receive a lesser sentence than an offender who has prior convictions.

In U.S. v Cull 446 F. Supp. 2d 961 (E.D. Wis. 2006) and U.S. v Qualls 373 F. Supp 2D 873, 877 (E.D. Wis. 2005) both district courts reduced each defendant's sentence based on reasoning that lengthy sentences are unnecessary to deter future criminal conduct and to protect the public in those instances where the defendant had never before served prison time.

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 4

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

In support of its departure the district court in the "Cull case" reasoned that the defendant who had never been previously confined and the reduced sentenced imposed was sufficient to impress on him the seriousness of his crime and deter him from re-offending.(citation omitted) In Qualls the district court held, that a lesser period of imprisonment is generally sufficient to deter a defendant not, previously subject to lengthily incarceration, than is necessary to deter a defendant who has already served serious time yet continues to re-offend. Id.

Based on his minimal contact with the criminal justice system Mr. Rodriguez-Santos sentence to the minimum which can be imposed under the sentencing guidelines.

**Deportable status**

Mr. Rodriguez-Santos will be deported upon completion of his sentence. The consequences of deportation mitigate the amount of time necessary to punish an alien. *Jordan v. DeGeorge*, 341 U.S. 223 (1951). (Deportation is a life sentence, a banishment in addition to the punishment which a citizen would suffer from the identical acts.) A deportable alien's status is a permissible basis upon which to depart downward. *United States v. Martinez-Ramos*, 184 F.3d 1055 (9th ir. 1999).

A person's deportable status is also a basis for departure in light of the alien's ineligibility for early release, minimum security prisons or credits for participation in drug or alcohol abuse programs in prison. *United States v. Navaro-Diaz*, 420 F.3d 581 (6th Cir. 2005) and *United States v. Cordosa-Rodriguez*, 241 F.3d 613 (8th Cir. 2001).

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 5

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

**Governments Request for 2 level Enhancement**

The Government request a two-level enhancement. The Government alleges Mr. Rodriguez-Santos committed perjury. The sentencing judge must find by a preponderance of evidence that the defendant committed perjury U.S. v. Tidwell 191 F.3d 976, 982 (9th Cir. 1999).

Mr. Rodriguez-Santos challenges this enhancement request. Mr. Rodriguez-Santos in support of his objections cites to U.S. v. McKinley 732 F.3d 1291 (11th Cir 2013). The defendant in McKinley received the enhancement because he had testified at trial that he was not involved in the robbery even though DNA and fingerprint evidence contradicted his statement. (McKinley @ 1298).

In Mr. Rodriguez-Santos case there was no DNA or fingerprint evidence tested. The Government was confident that there was sufficient evidence to prove Mr. Rodriguez-Santos guilty at trial. Mr. Rodriguez-Santos testified that M.V., a former girlfriend, had previously lived at that address with him and had access to his residence.[4] Mr. Rodriguez-Santos testified M.V. was angry about the breakup and she set him up. Testimony elicited at the time of trial indicated M.V. was a confidential informant for the Government in Mr. Rodriguez-Santos' case. The fact that the jury did not believe his version of events does not justify a two-level enhancement for perjury under U.S.S.G § 5C1.1.

# III. Conclusion

18 USC § 3553(a)(2) instructs the sentencing court to impose a sentence "sufficient but not greater than necessary". Based upon the arguments provided

---

[4] Mr. Rodriguez-Santos testified in both his trials. The recitation of facts by counsel is based on memory only and it is provided to the best of his recollection.

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 6

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

and the variances requested Mr. Rodriguez-Santos requests that he be sentenced to the mandatory minimum sentence that can be imposed under the United States Sentencing Guidelines.

DATED this 18st day of July, 2019.

    Respectfully submitted by:

    */s/ Ken Therrien*
    Ken Therrien WSBA # 20291
    Attorney for Daniel Rodriguez-Santos
    413 North Second Street
    Yakima, Washington 98901
    (509) 457-5991
    Fax: (509) 457-6197
    kentherrien@msn.com

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 7

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on July 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which I will send via USPS such filing to:

JOSEPH H. HARRINGTON, United States Attorney
BENJAMIN SEAL, Assistant United States Attorney
SANJUANITA B. CORONADO, United States Probation Officer.

*/s/ Ken Therrien*
KEN THERRIEN, WSBA #20291
Attorney for Daniel Rodriguez-Santos
413 North Second Street
Yakima, Washington 98901
(509) 457-5991
Fax: (509) 457-6197
kentherrien@msn.com

CORRECTION TO PSIR AND
SENTENCING MEMORANDUM
Page 8

KEN THERRIEN, PLLC
413 North Second Street
Yakima, Washington 98901
(509) 457-5991