FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL RODRIGUEZ-SANTOS,<br><br>Defendant. | No.    1:18-cr-02042-SMJ-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, is Defendant Daniel Rodriguez-Santos's Pro Se Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i), as Amended by § 603(b)(1) of the First Step Act of 2018, ECF No. 169. The Government opposes compassionate release. ECF No. 173. The Court has reviewed the record in this matter, is fully informed, and denies the motion.

## BACKGROUND

A jury found Defendant guilty of Possession with Intent to Distribute Methamphetamine and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. ECF No. 121. In August 2019, this Court sentenced Defendant to at term of incarceration of 144 months. ECF No. 137. Defendant is currently housed in Oakdale II FCI in Oakdale, Louisiana with a projected release date of

July 1, 2028. *BOP Inmate Locator*, BOP (last accessed June 6, 2021), https://www.bop.gov/inmateloc/. Defendant now seeks compassionate release because of the risks created by the coronavirus (COVID-19) pandemic. ECF No. 169. Defendant states he suffers from diabetes, asthma, high-blood pressure, high cholesterol, rheumatoid arthritis, and glaucoma. ECF No. 169. Defendant contracted COVID-19 in January 2021, and experienced symptoms such as a fever, cough, shortness of breath, and diarrhea. ECF No. 173; *see also* ECF No. 177. Although his medical records state he feels better, Defendant tells the Court that he experiences continued diarrhea, chest wheezing, and limited ability to take deep breaths. *Compare* ECF No. 177 *with* ECF No. 169-4 at 1–2 (translated from Spanish). He fears that if he contracted the disease again, he "would not be able to withstand it." ECF No. 169-4 at 2.

At FCI Oakdale II, over 290 inmates have tested positive for COVID-19, and at least two have died. But BOP currently lists two active inmate cases at Oakdale IIs. COVID-19 Cases, BOP (last accessed June 6, 2021), https://www.bop.gov/coronavirus/. FCI Oakdale I, connected to Oakdale II, has had over 220 inmates test positive and seven deaths. *Id.*

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The

court may not modify a term of imprisonment once it has been imposed except that . . .”). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds “extraordinary and compelling reasons warrant” such relief. *Id.* § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors provided in 18 U.S.C § 3553(a). 18 U.S.C. § 3582(c)(1)(A). But that provision is only available “upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant’s behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant’s facility, whichever is earlier.” *Id.* § 3582(c)(1)(A).

## DISCUSSION

### A.    Defendant exhausted his administrative remedies

Having reviewed the materials Defendant submitted with his motion for early release, the Court concludes he has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, it appears Defendant sought relief from the warden of his facility on September 8, 2020. ECF No. 169-2 at 6. More than thirty days have elapsed since the receipt of Defendant’s request to the warden. As a result, the Court is satisfied Defendant has met the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The

Government does not dispute that Defendant has exhausted his administrative remedies. ECF No. 173 at 4.

**B.      Defendant has not demonstrated extraordinary and compelling reasons warranting release**

Turning to the merits of Defendant's request, the Court finds he has failed to establish "extraordinary and compelling reasons" warranting a reduction in his sentence to time served. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Further, the crime of conviction is a serious offense, which included the possession of a firearm. Despite Defendant's expressed remorse, the Court finds that the sentencing factors do not weigh in favor of his early release.

In support of his motion for compassionate release, Defendant asserts that he suffers from diabetes, asthma, high-blood pressure, high cholesterol, rheumatoid arthritis, and glaucoma. ECF No. 169. The CDC reports that people with diabetes, high blood pressure, and asthma face an increased risk of suffering from severe illness if they contract COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 7, 2021).

FCI Oakdale, where the Defendant is housed, reportedly has two active inmate cases of COVID-19 and seven active staff cases. *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed June 6, 2021). Despite these

comparatively low positive numbers, COVID-19 has a foothold in the BOP nationwide. To be sure, Oakdale has not remained immune—Defendant himself contracted the virus. *Id*. Defendant is rightly concerned about the spread of COVID in prisons and jails. *See* ECF No. 169.

But despite BOP's struggles to control the spread of COVID-19 in its facilities and Defendant's medical conditions, Defendant articulates no "extraordinary" diagnoses that warrant early release. When Defendant contracted the disease, he recovered. *See* ECF No. 177. And Defendant is unlikely to contract COVID-19 again. "Cases or reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited June 6, 2021). And BOP has administered over 190,000 vaccine doses. *COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus/index.jsp. Between the Oakdale facilities, 1,241 inmates, about seventy-three percent, have been fully vaccinated. *Id.* Defendant's situation falls short of the "extraordinary and compelling" standard required under 18 U.S.C. § 3582(c).

Defendant's apparent remorse and limited criminal history do not erase the serious nature of his underlying crime. *See* ECF No. 169 at 6–7 (Defendant states he "is repentant of having failed to the great opportunity of being in the United

States due to his poor judgment."). Defendant has served about 35 months of his 144-month sentence. *See* ECF No. 22. In his presentence investigation report, Defendant had fallen into criminal history category I. ECF No. 133 at 10. Defendant possessed a firearm and dealt in high quantities of methamphetamine. ECF No. 133 at 5–6.

Finally, the Court must consider the Section 3553(a) factors. Along with the kinds of sentences available and the sentencing range established by the guidelines, Section 3553(a) also instructs the Court to consider:

> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Despite the increased risk posed by the pandemic, the Court concludes that Defendant's sentence continues to reflect the concerning nature and circumstances of the offense and avoids unwarranted sentencing disparities. Defendant states he is making strides toward rehabilitation, including participating in educational and religious activities, but Defendant's punishment remains just and will protect the public.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 6

Ultimately, the pandemic represents a serious, but not extraordinary, risk to Defendant, and the sentencing criteria do not favor a reduction in his sentence. Defendant has already contracted COVID-19, and the chances that he will get it again are slim.

Accordingly, **IT IS HEREBY ORDERED**:

> Defendant Daniel Rodriguez-Santos's Pro Se Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i), as Amended by § 603(b)(1) of the First Step Act of 2018, **ECF No. 169**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

**DATED** this 7th day of June 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 7